**ALDEN F. ABBOTT**
General Counsel
CHRISTOPHER Y. MILLER
KAREN DAHLBERG O'CONNELL
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Telephone: (212) 607-2829
Email: cmiller@ftc.gov; koconnell@ftc.gov

**BARBARA D. UNDERWOOD**
Attorney General of the State of New York
CHRISTOPHER L. BOYD
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, and <br><br> **PEOPLE OF THE STATE OF NEW YORK,** **by BARBARA D. UNDERWOOD**, Attorney General of the State of New York, <br><br> Plaintiffs, <br><br> v. <br><br> **CAMPBELL CAPITAL LLC**, a New York limited liability company, also doing business as UNITED PROCESSING SERVICES, <br><br> **KAHL, HEIDENREICH, AND NEMMER LLC**, a New York limited liability company, | Case No. <br><br><br><br> **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

**URBAN, HEIDENREICH, MELENDEZ, AND ASSOCIATES, LLC**, a New York limited liability company, also doing business as CAPITAL ASSETS, SECURITIES, AND HOLDINGS GROUP,

**J & V RECEIVABLES LLC**, a New York limited liability company,

**RICH FINANCIAL LLC**, a Delaware limited liability company,

**BCH & ASSOCIATES LTD.**, a New York corporation, and

**ROBERT HEIDENREICH**, individually and as a principal and owner or de facto owner of CAMPBELL CAPITAL LLC, KAHL, HEIDENREICH, AND NEMMER LLC, URBAN, HEIDENREICH, MELENDEZ, AND ASSOCIATES, LLC, J & V RECEIVABLES LLC, RICH FINANCIAL LLC, and BCH & ASSOCIATES LTD.,

Defendants.

Plaintiffs, the Federal Trade Commission ("FTC") and the People of the State of New York ("State of New York") (collectively "Plaintiffs"), for their Complaint allege:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FDCPA, 15 U.S.C.

§§ 1692-1692p, in connection with the collection of debt or purported debt.

2.      The State of New York, by and through the Office of the Attorney General, brings

this action under New York Executive Law § 63(12) and New York General Business Law

Article 22-A, § 349, and Article 29-H, § 602, to obtain damages, restitution, injunctive and

equitable relief and penalties of up to $5,000 for each violation of General Business Law Article

22-A.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a),

and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.   Subject matter jurisdiction is conferred

upon this Court with respect to the supplemental state law claims of the State of New York by

28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C.

§ 53(b).

## PLAINTIFFS

5.      The FTC is an independent agency of the United States Government created by

statute.   15 U.S.C. §§ 41-58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.   The

FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits deceptive, abusive,

and unfair debt collection practices and imposes specific duties upon debt collectors.

6.      The FTC is authorized to initiate federal district court proceedings, by its own

attorneys, to enjoin violations of the FTC Act and the FDCPA and to secure such equitable relief

as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A), and 6105(b).   Section 814 of the FDCPA further authorizes the FTC to use all of the functions and powers of the FTC under the FTC Act to enforce compliance by any person with the FDCPA. 15 U.S.C. § 1692*l*.

7.     The State of New York, by its Attorney General, is authorized to take action to enjoin (i) repeated and persistent fraudulent and illegal business conduct under New York Executive Law § 63(12); (ii) deceptive business practices under New York General Business Law § 349; and (iii) illegal debt collection practices under General Business Law § 602; and to obtain legal or equitable relief, including rescission or reformation of contracts, restitution, the appointment of a receiver, disgorgement of ill-gotten monies, or other relief as may be appropriate.

**<u>DEFENDANTS</u>**

8.     Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

9.     Defendants are "principal creditors" to whom a debt is owed, due, or asserted to be owed or due, or agents of principal creditors, as defined in Section 600 of New York General Business Law.

10.     Defendant Campbell Capital LLC ("Campbell Capital"), also doing business as United Processing Services, is a New York limited liability company that has held itself out as doing business from addresses including the following:   334 Harris Hill Road, # 201,

Williamsville, NY 14221 and PO Box 74, Bowmansville, NY 14026. Campbell Capital transacts or has transacted business in this district and throughout the United States.

11.     Defendant Kahl, Heidenreich, and Nemmer LLC ("KHN") is a New York limited liability company that has held itself out as doing business from addresses including the following:  172 Robinson Street, North Tonawanda, NY 14120 and 1517 Kenmore Avenue, Buffalo, NY 14217.  KHN transacts or has transacted business in this district and throughout the United States.

12.     Defendant Urban, Heidenreich, Melendez, and Associates, LLC ("UHM"), also doing business as Capital Assets, Securities, and Holdings Group, is a New York limited liability company that has held itself out as doing business from addresses including the following:  1212 Abbott Road, Suite B, Lackawanna, NY 14218; 1271 Harlem Avenue, Cheektowaga, NY 14206; and 1271 Dingens Street, Cheektowaga, NY 14026.  UHM transacts or has transacted business in this district and throughout the United States.

13.     Defendant J & V Receivables LLC ("J&V Receivables") is a New York limited liability company that has held itself out as doing business from addresses including the following:  334 Harris Hill Road, # 201, Williamsville, NY 14221 and PO Box 74, Bowmansville, NY 14026.  J&V Receivables transacts or has transacted business in this district and throughout the United States.

14.     Defendant Rich Financial LLC ("Rich Financial") is a Delaware limited liability company that has held itself out as doing business from addresses including the following:  338 Harris Hill Road, # 203, Williamsville, NY 14221; 5360 Genesee Street, Suite 100,

Bowmansville, NY 14026; and PO Box 74, Bowmansville, NY 14026.   Rich Financial transacts or has transacted business in this district and throughout the United States.

15.     Defendant BCH & Associates Ltd. ("BCH") is a New York corporation that has held itself out as doing business from addresses including the following:   269 Hinman Avenue, Buffalo, NY 14216.   BCH transacts or has transacted business in this district and throughout the United States.

16.     Defendant Robert Heidenreich ("Heidenreich") is or has been a principal owner, de facto owner, member, manager, and/or officer of Campbell Capital, KHN, UHM, J&V Receivables, Rich Financial, and BCH (the "Corporate Defendants").   In running the Corporate Defendants, Heidenreich often uses the alias "Bobby Rich."   At all times material to this Complaint, acting alone or in concert with others, Heidenreich has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants, including the acts and practices set forth in this Complaint.   Among other things, Heidenreich, who has used titles such as "Managing Partner" and "Director" in connection with his work for the Corporate Defendants, hired and fired employees, gave instructions to collectors about their debt collection calls with consumers, and was a signatory for many of the Corporate Defendants' bank accounts.   Heidenreich resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

17.     Heidenreich also makes and has made calls to consumers around the country to collect debts for the Corporate Defendants.   As with the other debt collectors for the Corporate Defendants, Heidenreich uses aliases when making these calls, including the alias "Collin

6

Storm." The Corporate Defendants are debt collectors whose principal purpose is the collection of debts.

18. The Corporate Defendants operate as a common enterprise while engaging in the deceptive and abusive acts and practices alleged below. There is common control over the Corporate Defendants through Heidenreich, who runs the enterprise's operations from a central office or "headquarters." The enterprise employs many of the same employees, dozens of whom have received paychecks from more than one of the Corporate Defendants. Three of the Corporate Defendants have also used the same PO Box set up by Heidenreich, who held himself out as or served as an owner, member, officer, or bank signatory of all of the Corporate Defendants. Because the Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.

## COMMERCE

19. At all times material to this Complaint, the Corporate Defendants and Defendant Heidenreich (collectively, the "Defendants") have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' ILLEGAL DEBT-COLLECTION PRACTICES

20. Defendants use a variety of false, deceptive, and abusive tactics to extract money from consumers in violation of the FTC Act, the FDCPA, and New York State law. When Defendants' employees initially call consumers, they often do not reveal they are calling from a debt collection company. Instead, they often pretend to work at places like a county sheriff's office or pretend to be a process server. Using these fabricated personas, Defendants' employees make various false or deceptive threats to consumers in order to pressure them into

paying alleged debts. Defendants' employees, for instance, falsely tell consumers that they are about to be arrested, have committed crimes, or are about to be sued or served with legal papers because of their failure to pay an alleged debt. Consumers are then told they can resolve these fabricated exigencies by making payments on debts Defendants claim are owed. To help coerce these payments, Defendants' collectors frequently inflate the amounts they claim consumers owe by hundreds or even thousands of dollars. Defendants' employees also pressure consumers by calling their employers and family members about the alleged debts and use profanity and other abusive language during collection calls with consumers.

### Defendants' False and Deceptive Tactics

21.     Since at least 2014, Defendant Heidenreich has operated his debt-collection operation in the Buffalo area. At times, Heidenreich has managed as many as four offices where employees made repeated calls to consumers to collect on alleged debts, many of which are payday loans. Heidenreich has frequently moved these offices, changed the entities used by the operation to collect on debts, and instructed employees to use a variety of unregistered fictitious business names in interacting with consumers. These names include ERG & Associates, Precision Financial Group, and Marshall Green & Associates.

22.     Some of Defendants' employees call consumers and falsely claim to work in law enforcement. These calls are typically coupled with false claims that the consumers have committed a crime or are about to be arrested on a warrant. These consumers are then told they can avoid arrest or resolve their criminal liability by speaking with someone else. Defendants' employees often claim this person is an attorney or someone who works at a law firm, even though they are really just another non-lawyer employee of Defendants. These debt collectors

posing as attorneys then use the threat of criminal liability to try to extract as much money as they can from consumers.

23.     One consumer, for instance, received a call from one of Defendants' employees who claimed to work at the sheriff's office in her county in Florida.   The caller claimed he was coming to her house to pick her up on a warrant for "ACH fraud, defaulting on a loan, and grand larceny."   When the consumer asked how she could prevent the arrest, the caller referred her to a purported attorney's office to see if that office would agree to a settlement to drop the charges. Fearing arrest and what would happen to her son if she was incarcerated, the consumer called the purported attorney and authorized a debit card payment over the phone.

24.     In many other instances, consumers receive an initial call from an employee of Defendants who pretends to be a process server or affiliated with an attorney's office or law firm.   These callers often claim a civil suit has been or will be filed against consumers, even though Defendants do not sue consumers to collect debts or intend to bring such suits.   In addition, Defendants' employees often threaten consumers by claiming they will be served with legal papers at work or at home.

25.     For example, one of Defendants' scripts for collection calls with consumers claims a lawsuit is about to be filed but suggests it can be avoided by calling "the legal offices of ERG assocites [sic]":

> Prior to the complaint being active for scheduling against your
> name. . . . i am giving you 1 oppertunity for either yourself
> or your legally retained council to contact our office back. . . .
> Failure to respond will result in further action taken.   You have
> been notified.

26.     Similarly, one consumer received a voicemail from Defendants that falsely stated that a "claim has been filed against" him and that the voicemail itself was "deemed service." Another consumer, who had settled her debt by making three payments to Defendants, subsequently received a letter marked "Urgent" by email that claimed "a motion was submitted to the office of courts in regards to this debt."

27.     Defendants frequently add more pressure by telling consumers that they owe more than Defendants' own records indicate consumers owe.   This practice, in which Defendants demand more than a consumers' Balance In Full or BIF, is known in the industry as "overbiffing."   Defendant Heidenreich encourages overbiffing, and payment forms completed by Defendants' collectors reflect this practice.   Specifically, the forms used by some of Defendants' collectors were designed to distinguish between the amount a consumer owed, according to Defendants' records, and the amount collectors told consumers that they owed. These forms had both a "Client Balance" field for the amount a consumer purportedly owed and an "Original Balance Given" or "Balance Given" field for the amount collectors claimed consumers owed.   In many instances, forms completed by Defendants' collectors show the Balance Given to consumers is higher than the Client Balance.   The Balance Given to consumers is often a few hundred dollars higher than the Client Balance, and, in some cases, the Balance Given is thousands of dollars more than the Client Balance.   In numerous instances, the "settlements" with consumers that result from this coercive and illegal overbiffing, as documented by Defendants' collectors, are for amounts that exceed the Client Balance. Similarly, in numerous instances, consumers received calls from Defendants' collectors about

alleged debts that they were not obligated to pay because, for instance, they had already been paid, settled, or were never incurred.

## Unlawful Disclosure of Alleged Debts to Third Parties

28.     The FDCPA prohibits debt collectors from telling third parties about alleged debts, except for a limited group of individuals, such as a consumer's attorney.   Despite these limitations, Defendants' employees frequently call employers and family members about consumers' alleged debts.

## Profane and Abusive Language

29.     During collection calls, Defendants' employees often use profane and abusive language.   For example, one collector used the f-word in a call and told the father-in-law of a consumer from Pennsylvania that he was a "dumb-a** coal miner."   Likewise, another collector angrily told a consumer that she was "the dumbest son of a bitch that I know."

## VIOLATIONS OF THE FTC ACT

30.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

31.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT ONE

## False or Misleading Representations Regarding the Identity of Callers

### (By Plaintiff FTC Against All Defendants)

32.     In numerous instances, in connection with the collection of alleged consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

      a.      Defendants' debt collector is a member of or affiliated with a law enforcement agency or other federal or state government entity;

      b.      Defendants' debt collector is a process server or is working with a process server or someone who serves legal documents; or

      c.      Defendants' debt collector is a lawyer, employed by a lawyer or law firm, or working with a lawyer.

33.      In truth and in fact, in all or numerous instances in which Defendants have made the representations set forth in Paragraph 32 of this Complaint:

      a.      Defendants' debt collector is not a member of or affiliated with a law enforcement agency or other federal or state government entity;

      b.      Defendants' debt collector is not a process server and is not working with a process server or someone who serves legal documents; and

      c.      Defendants' debt collector is not a lawyer, employed by a lawyer or law firm, or working with a lawyer.

34.      Therefore, Defendants' representations as set forth in Paragraph 32 of this Complaint are false or misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

**False, Misleading, or Unsubstantiated Representations
Regarding the Consequences of Nonpayment**

**(By Plaintiff FTC Against All Defendants)**

35.      In numerous instances, in connection with the collection of alleged consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

a. The consumer has committed a criminal act, such as fraud, in connection with the alleged failure to pay a debt;

b. Nonpayment of an alleged debt will result in the consumer's arrest or imprisonment or the service of legal papers on the consumer; or

c. Defendants have filed, or intend to file imminently, a lawsuit against the consumer.

36. In truth and in fact, in all or numerous instances in which Defendants have made the representations set forth in Paragraph 35 of this Complaint, the representations have been false or Defendants have not had a reasonable basis for the representations at the time Defendants made them.

37. Therefore, Defendants' representations as set forth in Paragraph 35 of this Complaint are false or misleading and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT THREE

**False, Misleading, or Unsubstantiated Representations
Regarding Inflated Debts or Debts Not Owed**

**(By Plaintiff FTC Against All Defendants)**

38. In numerous instances, in connection with the collection of alleged consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that a consumer owes a debt that Defendants have the authority to collect, including that the consumer owes a debt in a specific amount.

39. In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 38 of this Complaint, including where Defendants have

inflated the specific amount of a debt, the representations have been false or Defendants have not had a reasonable basis for the representations at the time Defendants made them.

40.     Therefore, Defendants' representations as set forth in Paragraph 38 of this Complaint are false, misleading, or unsubstantiated and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date.   Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

42.     Defendants are "debt collectors" as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

43.     A "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), "means any natural person obligated or allegedly obligated to pay any debt."

44.     A "debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

45.     "Location information" as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7), means "a consumer's place of abode and his telephone number at such place, or his place of employment."

## COUNT FOUR

### Prohibited Communications with Third Parties

**(By Plaintiff FTC Against All Defendants)**

46.     Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b), prohibits a debt collector, without either the prior consent of the consumer, the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, from communicating in connection with the collection of a debt with any person other than the consumer (defined to include the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator), the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector for any purpose other than acquiring location information.

47.     In numerous instances, Defendants have violated Section 805(b) of the FDCPA by communicating in connection with the collection of debts with third parties other than those covered by the limited exceptions set forth in Paragraph 46 of this Complaint.

## COUNT FIVE

### Harassing and Abusive Conduct

**(By Plaintiff FTC Against All Defendants)**

48.     Section 806 of the FDCPA, 15 U.S.C. § 1692d(2), prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including by the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

49. In numerous instances, Defendants have violated Section 806 of the FDCPA by using obscene, profane, or abusive language in connection with the collection of debts.

## COUNT SIX

### False, Deceptive, or Misleading Representations to Consumers

**(By Plaintiff FTC Against All Defendants)**

50. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits a debt collector from using any false, deceptive, or misleading misrepresentation or means in connection with the collection of a debt, including:

    a. falsely representing or implying that the debt collector is vouched for or affiliated with the United States, any State, or County, such as claiming to be an officer of the court, affiliated with a police or sheriff's department, or working in connection with prosecuting attorneys' offices (Section 807(1) of the FDCPA, 15 U.S.C. § 1692e(1));

    b. falsely representing the character, amount, or legal status of any debt (Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A));

    c. falsely representing that any individual is an attorney or that any communication is from an attorney (Section 807(3) of the FDCPA, 15 U.S.C.§ 1692e(3));

    d. falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person, when such action is not lawful or when the debt collector has no intention of taking such action (Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4));

e. threatening to take action that is not lawful or that the debt collector does not intend to take, such as filing a lawsuit (Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5));

f. falsely representing or implying that a person committed a crime or other conduct in order to disgrace the person (Section 807(7) of the FDCPA, 15 U.S.C. § 1692e(7));

g. using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10));

h. failing to disclose in the initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained by the debt collector will be used for the purpose of attempting to collect a debt, and in all subsequent communications that the communication is from a debt collector (Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11)); and

i. using a business, company, or organization name other than the true name of the debt collector's business, company, or organization (Section 807(14) of the FDCPA, 15 U.S.C. § 1692e(14)).

51. In numerous instances, Defendants have violated Section 807 of the FDCPA by using false, deceptive, or misleading misrepresentations or means in connection with the collection of debts, or by failing to make statutorily-required disclosures.

## VIOLATIONS OF NEW YORK STATE LAW

## COUNT SEVEN

### Repeated Fraudulent or Illegal Acts

**(By Plaintiff State of New York Against All Defendants)**

52.     New York Executive Law § 63(12) empowers the Attorney General to seek restitution and injunctive relief when any person or business entity has engaged in repeated fraudulent or illegal acts or otherwise demonstrates persistent fraud or illegality in the carrying on, conducting, or transaction of business.

53.     Defendants have engaged in repeated fraudulent or illegal acts or otherwise demonstrated persistent fraud or illegality in the carrying on, conducting, or transaction of their debt collection business for purposes of Executive Law § 63(12).

## COUNT EIGHT

### Deceptive Acts or Practices

**(By Plaintiff State of New York Against All Defendants)**

54.     New York General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business […] in this state are hereby declared unlawful."

55.     In numerous instances, Defendants have violated New York General Business Law § 349 by engaging in deceptive acts or practices in connection with conducting their debt collection business.

<u>**COUNT NINE**</u>

<u>**Violation of New York State Debt Collection Law**</u>

**(By Plaintiff State of New York Against All Defendants)**

56.     New York General Business Law § 601 sets forth a list of prohibited debt collection practices, including:

a.      Simulating in any manner a law enforcement officer, or a representative of any governmental agency of New York or any of its political subdivisions (N.Y. Gen. Bus. Law § 601(1));

b.      Knowingly collecting, attempting to collect, or asserting a right to any collection fee, attorney's fee, court cost or expense when such charges were not justly due and legally chargeable against the debtor (N.Y. Gen. Bus. Law § 601(2));

c.      Communicating or threatening to communicate the nature of a claim to the debtor's employer prior to obtaining final judgment against the debtor (N.Y. Gen. Bus. Law § 601(4));

d.      Disclosing or threatening to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact (N.Y. Gen. Bus. Law § 601(5));

e.      Communicating with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor (N.Y. Gen. Bus. Law § 601(6));

f.      Threatening any action which the debt collector in the usual course of its business does not in fact take (N.Y. Gen. Bus. Law § 601(7));

g.      Claiming, or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist (N.Y. Gen. Bus. Law § 601(8)); and

h.      Using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency, or attorney at law when it is not (N.Y. Gen. Bus. Law § 601(9)).

57.      In numerous instances, Defendants have violated New York General Business Law § 601 by engaging in prohibited debt collection practices under that statute.

### CONSUMER INJURY

58.      Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the FDCPA, New York Executive Law § 63(12), and New York General Business Law Articles 22-A and 29-H.   In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.   Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

59.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

60.     New York Executive Law § 63(12) empowers the Attorney General to seek injunctive relief, restitution, damages, disgorgement, and other relief when any person or business entity has engaged in repeated fraudulent or illegal acts, or has otherwise demonstrated persistent fraud or illegality in the carrying on, conducting, or transaction of business.   New York General Business Law § 349 prohibits deceptive business practices and empowers the Attorney General to seek injunctive relief, restitution, and civil penalties when violations occur. General Business Law Article 29-H, § 602 empowers the Attorney General to bring an action to restrain any violation of Article 29-H, New York's Debt Collection Procedures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FTC and the State of New York, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), New York Executive Law § 63(12), and New York General Business Law §§ 349, 350-d, and 602(2), and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and appointment of a receiver;

B.     Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, New York General Business Law Articles 22-A and 29-H, and New York Executive Law § 63(12) by Defendants;

C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, New York General Business Law Articles 22-A and 29-H, and New York Executive Law § 63(12), including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

D.     Pursuant to New York General Business Law § 350-d, impose a civil penalty of $5,000 for each violation of New York General Business Law Article 22-A; and

E.    Award Plaintiffs the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.


Dated:   October 23, 2018                          Respectfully submitted,


BARBARA D. UNDERWOOD                  ALDEN F. ABBOTT
Attorney General of the State of New York     General Counsel


_____/s/_____        _____/s/_____
CHRISTOPHER L. BOYD                          Christopher Y. Miller
Assistant Attorney General                     Karen Dahlberg O'Connell
350 Main Street, Suite 300A                   Federal Trade Commission
Buffalo, NY 14202                             Northeast Region
Telephone:   (716) 853-8457                    One Bowling Green, Suite 318
Facsimile:    (716) 853-8414                    New York, NY 10004
Email:   Christopher.Boyd@ag.ny.gov           Telephone:   (212) 607-2829
                                              Facsimile:    (212) 607-2822
*Attorney for Plaintiff State of New York*     Email:   cmiller@ftc.gov
                                              Email:   koconnell@ftc.gov

                                              *Attorneys for Plaintiff Federal Trade Commission*