UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK,

        Plaintiffs,

   v.

CAMPBELL CAPITAL LLC, a New York
limited liability company, also doing
business as UNITED PROCESSING
SERVICES;

KAHL, HEIDENREICH, AND NEMMER
LLC, a New York limited liability company;

URBAN, HEIDENREICH, MELENDEZ,
AND ASSOCIATES, LLC, a New York
limited liability company, also doing
business as CAPITAL ASSETS,
SECURITIES, AND HOLDINGS GROUP;

J & V RECEIVABLES LLC, a New York
limited liability company;

RICH FINANCIAL LLC, a Delaware limited
liability company;

BCH & ASSOCIATES, LTC, a New York
corporation; and

ROBERT HEIDENREICH, individually and
as a principal and owner or de facto owner
of
CAMPBELL CAPITAL LLC; KAHL,
HEIDENREICH, AND NEMMER LLC;
URBAN, HEIDENREICH, MELENDEZ,
AND ASSOCIATES, LLC; J & V
RECEIVABLES LLC; RICH FINANCIAL
LLC; and BCH & ASSOCIATES LTD.,

        Defendants.

———————————————————————

18-CV-1163
PRELIMINARY INJUNCTION
ORDER

Plaintiffs, the Federal Trade Commission ("FTC") and the People of the State of New York ("State of New York," and, collectively with the FTC, "Plaintiffs"), filed a complaint on October 23, 2018, seeking a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b); Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l(a); New York Executive Law § 63(12); and N.Y. General Business Law Articles 22-A, § 349, and 29-H, § 602. Docket Item 1. They also moved, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, for an *ex parte* temporary restraining order, an asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Robert Heidenreich; Campbell Capital LLC; Kahl, Heidenreich, and Nemmer LLC; Urban, Heidenreich, Melendez, and Associates, LLC; J & V Receivables LLC; Rich Financial LLC; and BCH & Associates Ltd. (collectively, "Defendants") Docket Item 2.

The Court issued the Ex Parte Temporary Restraining Order and Providing Other Temporary Equitable Relief (the "TRO") on October 25, 2018, which granted injunctive relief including an asset freeze, appointment of a receiver, immediate access, and limited expedited discovery. Docket Item 17. Pursuant to Federal Rule of Civil Procedure 65, the Court extended the TRO on November 6, 2018, based on good cause for an extension shown during a status conference on November 2, 2018. Docket Item 23. The Court held a second status conference on November 16, 2018, during which the Court, the temporary receiver, Plaintiffs' counsel, and counsel for defendant Heidenreich discussed the basis for further extending the TRO, and the Court set a deadline of November 30, 2018, for any defendant to respond to Plaintiffs' motion

for a preliminary injunction.  Docket Item 26.  On November 20, 2018, the Court extended the TRO based on good cause for an extension shown during the status conference on November 16, 2018.  Docket Item 28.

## **FINDINGS OF FACT**

This Court, having reviewed Magistrate Judge Michael J. Roemer's Report and Recommendation and Plaintiffs' pleadings, declarations, exhibits, and memorandum of law, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all Defendants, and that venue in this district is proper;

2. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692 – 1692p; New York Executive Law § 63(12); New York General Business Law § 349; and NY General Business Law § 601, and that Plaintiffs are therefore likely to prevail on the merits of this action;

3. Weighing the equities and considering Plaintiffs' likelihood of ultimate success on their causes of action, the entry of this Order as set forth below is in the public interest;

4. There is good cause to continue the appointment of the Receiver over the Receivership Entities (as defined below), and to permit Plaintiffs and the Receiver to take further expedited discovery; and

5. No security is required of any agency of the United States for issuance of a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(c).

# **DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, including any digital assets such as cryptocurrencies.

B. "**Corporate Defendant(s)**" means Campbell Capital LLC; Kahl, Heidenreich, and Nemmer LLC; Urban, Heidenreich, Melendez, and Associates, LLC; J & V Receivables LLC; Rich Financial LLC; and BCH & Associates Ltd., and each of their subsidiaries, affiliates, successors, and assigns.

C. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

D. "**Defendant(s)**" means Corporate Defendants and Individual Defendant Robert Heidenreich, individually, collectively, or in any combination.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other

data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

F. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G. "**Individual Defendant**" means Robert Heidenreich.

H. "**Receiver**" means James C. Thoman.

I. "**Receivership Entities**" means Corporate Defendants, Stealth Recovery Services LLC, Lunetta, Irving, & Rich Ltd., and STX Enterprises LLC, as well as any other entity that has conducted any business related to Defendants' Debt collection, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter and that the Receiver determines is controlled or owned by any Defendant.

## ORDER

## I. PROHIBITED REPRESENTATIONS AND DEBT COLLECTION ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the collection or the attempted collection of any Debt, are hereby restrained and enjoined from:

A.  Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1. that the consumer has committed a criminal act, such as fraud, in connection with the alleged failure to pay a Debt;

2. that nonpayment of an alleged Debt will result in the consumer's arrest or imprisonment or the service of legal papers on the consumer;

3. that Defendants have filed, or intend to file imminently, a lawsuit against the consumer;

4. that Defendants' Debt collector is a member of or affiliated with a law enforcement agency or other federal or state government entity;

5. that Defendants' Debt collector is a process server or is working with a process server or someone who serves legal documents;

6. that Defendants' Debt collector is a lawyer, employed by a lawyer or law firm, or working with a lawyer; or

7. the character, amount, or legal status of a Debt;

B.  Collecting or attempting to collect a Debt from a consumer that the consumer does not owe or in an amount that the consumer does not owe;

C.  Collecting or attempting to collect a Debt from a consumer that Defendants do not have a right to collect;

D.  Communicating with any person other than the consumer; the consumer's attorney; a consumer reporting agency if otherwise permitted by law; the creditor; the attorney of the creditor; the Debt collector or the attorney of the Debt collector; the consumer's spouse, parent (if the consumer is a minor), guardian,

executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy;

E. Using obscene or profane language or language the natural consequence of which is to abuse the hearer;

F. Threatening to take action that is not lawful or that any Defendant or any other person does not intend to take;

G. Using a business, company, or organization name other than the true name of the business, company, or organization;

H. Using any false representation or deceptive means to collect or attempt to collect a Debt, or to obtain information concerning a consumer;

I. Communicating or threatening to communicate the nature of a claim to the consumer's employer prior to obtaining final judgment against the consumer;

J. Threatening any action that the Debt collector in the usual course of its business does not in fact take;

K. Claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist; and

L. Engaging in any conduct that violates the FDCPA, 15 U.S.C. §§ 1692-1692p, or New York General Business Law § 601.

## II.  PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with

any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order,

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency; to their attorneys as required for their defense; as required by any law, regulation, or court order; or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending,

withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1. owned or controlled, directly or indirectly, by any Defendant;

2. held, in part or in whole, for the benefit of any Defendant;

3. in the actual or constructive possession of any Defendant; or

4. owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signer; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of October 25, 2018 at 6:30 p.m., which is the date and time the TRO was entered; and (2) Assets obtained by Defendants after the TRO was entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by the TRO. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## IV.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, currency exchange or cryptocurrency exchange or service provider, business entity, or person who receives actual notice of this Order (by service or otherwise) that (a) has held, controlled, or maintained custody of, through an account or otherwise, any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; (b) has held, controlled, or maintained custody of, through an account or otherwise, any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors,

payment gateways, insurance companies, or other entities; or (c) has extended credit to any Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C. Provide Plaintiffs' counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset, as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the

account, and the name of the person or entity to whom such account or other Asset was remitted;

3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; or

4. The cryptographic hash value, time stamp, transaction data, public addresses, or other information sufficient to identify, locate, and track cryptocurrency in any blockchain or distributed ledger technology system that belongs to, is for the use or benefit of, is under the control of, or is subject to access by any Defendant; and

D. Upon the request of Plaintiffs' counsel or the Receiver, promptly provide Plaintiffs' counsel and the Receiver with copies of all records or other Documents pertaining to each account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V. FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days after service of this Order upon them, shall prepare and deliver to Plaintiffs' counsel and the Receiver:

A.      Completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for the Individual Defendant, and Attachment B (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.      Completed Attachment C (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

Provided, however, that Defendants do not have to provide such financial disclosures if (1) they have fully complied with the similar provision set forth in Section V of the TRO, and (2) the information provided has not changed.

## VI. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days after service of this Order, each Defendant shall:

A.      Provide Plaintiffs' counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any

Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B. Take all steps necessary to provide Plaintiffs' counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as Attachment D;

C. Transfer to the territory of the United States all Documents and Assets located in foreign countries that are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D. On the same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

Provided, however, that Defendants do not have to provide such accounting if (1) they have fully complied with the similar provision set forth in Section VI of the TRO, and (2) the information provided has not changed.

## VII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiffs.

## IX.    PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs' counsel and the Receiver with a written statement disclosing:

(1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.    CONTINUATION OF RECEIVER

**IT IS FURTHER ORDERED** that James C. Thoman, a partner in the firm of Hodgson Russ LLP, shall continue to serve as Receiver for the business activities of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be the agent solely of this Court in acting as Receiver under this Order.

## XII.    DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.      Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit

card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.     Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Entities, provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's Debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.     Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts), by changing usernames, passwords, or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps are necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and enter into, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any Debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.    Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses;

I.    Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web pages or websites to Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives;

J.    Enter into and cancel contracts and purchase insurance as advisable or necessary;

K. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L. Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership; file the accounting with the Court; and deliver copies thereof to all parties;

M. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal, or foreign courts, or any arbitration proceedings, as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N. Issue subpoenas to obtain Documents and records pertaining to the Receivership Entities, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O. Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of account statements on Plaintiffs or Defendants upon request;

P. Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.     Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.     Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.     Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.     Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.     If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V.     If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

**IT IS FURTHER ORDERED** that the Receiver's authority to pay pre-receivership payroll expenses as set forth in the Court's November 30, 2018 Order, Docket Item 32; and the Receiver's authority to abandon leased premises, as set forth in the Court's November 30, 2018 Order, Docket Item 31; shall both continue in full force and effect and are hereby incorporated into this order.

## XIII.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person with possession, custody, or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.     All Assets held by or for the benefit of the Receivership Entities;

B.     All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by

payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.      All Documents of or pertaining to the Receivership Entities;

D.      All computers, electronic devices, mobile devices, and machines used to conduct the business of the Receivership Entities;

E.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, user names, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

If any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XIV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.      A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.     A list of all agents, employees, officers, attorneys, servants, and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.     A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

Provided, however, that Defendants do not have to provide such information if (1) they have fully complied with the similar provision set forth in Section XIV of the TRO, and (2) the information provided has not changed.

## XV.     COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys; all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all Debts should be paid

24

directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and operations of the Receivership Entities.

## XVI. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.     Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.     Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that unless they have received the written permission of this Court, all parties who receive actual notice of this Order during the pendency of the receivership ordered herein, including, but not limited to: (i) Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, and their corporations, subsidiaries, divisions, or affiliates; (ii) all investors, creditors, stockholders, lessors, customers of the

Defendants and Receivership Entities; and (iii) other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants and Receivership Entities, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any asset of the Receivership Entities; taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the bond in the sum of $35,000, previously filed by the Receiver with the Clerk of this Court, shall remain in effect, to ensure that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XX. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that within three (3) calendar days after entry of this Order, Defendants shall provide a copy of this Order to each affiliate, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiffs and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of

each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXI.    EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiffs and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiffs and the Receiver may take the deposition of parties and non-parties.  Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.     Plaintiffs and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C.     Plaintiffs and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiffs or the Receiver serve such interrogatories;

D.     Plaintiffs and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by personal service, facsimile, email, or overnight delivery;

F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure; and

G.     The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXII.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, or other electronic messaging,

personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of

Plaintiffs, by any law enforcement agency, or by private process server, upon any

Defendant or any person (including any financial institution) that may have possession,

custody, or control of any Asset or Document of any Defendant, or that may be subject

to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil

Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate,

or office of any entity shall effect service upon the entire entity.

## XXIII.  CORRESPONDENCE AND SERVICE ON PLAINTIFFS

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all

correspondence and service of pleadings on Plaintiffs shall be addressed to:

| | |
|---|---|
| Christopher Y. Miller | Christopher L. Boyd |
| Staff Attorney | Assistant Attorney General |
| Federal Trade Commission | New York State Office of the Attorney General |
| Northeast Region | 350 Main Street, Suite 300A |
| One Bowling Green, Suite 318 | Buffalo, NY 14202 |
| New York, NY 10004 | (716) 853-8457 |
| (212) 607-2811 | (716) 853-8414 (facsimile) |
| (212) 607-2822 (facsimile) | Christopher.Boyd@ag.ny.gov |
| cmiller@ftc.gov | |

**XXIV. JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.

**<u>CONCLUSION</u>**


SO ORDERED.

Dated:      December 4, 2018
               Buffalo, New York


                                     *s/ Lawrence J. Vilardo*
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE